UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
PEGGY FARGANIS,

        Plaintiff,

-vs-

DENNIS BARNETT,
KENNETH BYRNES, DANIEL THORSON,
sued in their individual capacities;

        Defendants.
------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF Case**

'07 CIV 11490

## INTRODUCTION

1. Plaintiff Peggy Farganis brings this action to redress the violation of her civil rights under the Fourth and Fourteenth Amendments to the U.S. Constitution when defendants falsely arrested and maliciously prosecuted her.

## PARTIES

2. Plaintiff Peggy Farganis resides in Orange County, New York, within this judicial district.

3. At all relevant times, defendants Dennis Barnett, Kenneth Byrnes and Daniel Thorson were police officers employed by the Town of Montgomery. They are sued in their individual capacities.

## JURISDICTION

4. This Court has jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(3) and (4).

5. As the events giving rise to this action arose in Orange County, this case is venued in the Southern District of New York.

**FACTUAL AVERMENTS**

6. Plaintiff is a married 34 year-old woman with multiple sclerosis. She has two sons, aged five and six.

7. As her multiple sclerosis substantially limits her in the major life activity of walking, plaintiff is a "qualified individual with a disability."

8. On March 18, 2005, plaintiff was driving her oldest child, B.F., in a Chevy van in the Town of Montgomery. As plaintiff turned left onto Goodwill Road, B.F. dislodged himself from his seat and stood up. Plaintiff verbally directed B.F. to sit down, but B.F. inadvertently opened the van's side door and fell out of the van.

9. Plaintiff immediately stopped the van and went to her son's assistance. She examined B.F. and found that he was not bleeding and had no visible scrapes, scratches or bumps. Since B.F. had a history of seizures and was frightened of ambulances, plaintiff decided to drive B.F. to Horton Hospital in Middletown.

10. Plaintiff wanted assistance at the hospital and telephoned her teenaged niece, Jessica, who was staying at a friend's house in the Village of Montgomery *en route* to the hospital. Jessica agreed to accompany plaintiff.

11. When plaintiff pulled into the parking lot of "Mike's Deli" on Route 416, adjacent to the house of Jessica's friend, she was surrounded by several police vehicles. The Village of Montgomery's Police Chief, John ("Jack") Byrnes parked his car next to plaintiff's van and blocked the driver-side door.

12. Plaintiff's speech is slightly slurred due to her multiple sclerosis, particularly during times of stress. Byrnes asked plaintiff if she had been drinking and where she had come

2

from. Plaintiff answered that she had not been drinking and said that she was on her way to the hospital with her son. Byrnes ordered plaintiff out of her van, frisked her and then left the scene.

13. Officer Barnett then approached plaintiff aggressively and suggested that she was on drugs. Plaintiff explained that she has multiple sclerosis. Barnett then asked how the disability affected her. Plaintiff said it affects her ability to walk and that she was picking up her niece to help with her son. Barnett then berated plaintiff, exclaiming that he was an "accident reconstruction specialist" and that he would make sure that the District Attorney took away plaintiff's driver's license because she should not be driving due to her disability.

14. Barnett ordered plaintiff to undergo a field sobriety test. Since she was under extreme duress, plaintiff could not stand straight for the allotted 30 seconds. Barnett declared that plaintiff had failed the test and ordered her handcuffed and arrested, in front of her five year-old son. Barnett repeated his threat that plaintiff's license would be taken away because of her disability. When plaintiff explained that she was under a doctor's care and had no limitations placed on her driving privileges, Barnett called her a liar.

15. Barnett's malicious and wanton actions violated plaintiff's civil rights and caused plaintiff and her son, B.F., extreme and undue harm. B.F. has nightmares about this traumatic event and is afraid that the police will take away his mother.

16. Officers Brynes and Thorson participated in the malicious treatment of plaintiff, which was initiated by Officer Barnett.

17. Plaintiff was arrested, placed in handcuffs and separated from her child who was transported, unaccompanied by a parent, to Orange Regional Medical Center.

18. Plaintiff was transported to the Town of Montgomery Police Station, where she

was held for at least four hours and charged with misdemeanor Endangering the Welfare of a Child. Under the circumstances of the incident, defendants had no probable cause to so charge plaintiff.

19. Because of the misdemeanor charge, plaintiff and her husband were reported to Ulster County Department of Social Services ("DSS") for investigation, causing them great pain and humiliation. Because defendants had charged plaintiff with Endangering the Welfare of a Child, DSS investigated plaintiff's home, and interviewed her husband and children, causing disruption and anguish to plaintiff's family. DSS ultimately "indicated" plaintiff for child neglect, thereby stigmatizing her as a parent and limiting her future employment options.

20. Defendants maliciously pursued criminal action against plaintiff in Town of Montgomery Justice Court. Plaintiff was required to appear in court numerous times during the next two and one half years.

21. On November 15, 2007, after a bench trial, plaintiff was acquitted of all charges.

22. As a result of defendants' malicious acts, plaintiff suffered exacerbation of her symptoms, extreme stress and emotional duress, pain and humiliation.

**CAUSES OF ACTION**

23. Plaintiff incorporates ¶¶ 1-22 as if re-stated herein.

24. Defendants violated plaintiff's civil rights pursuant to the Fourth and Fourteenth Amendments of the United State Constitution, as made actionable by 42 U.S.C. § 1983.

WHEREFORE, plaintiff prays that this Honorable Court:

a. accept jurisdiction over this matter;

b. empanel a jury to fairly hear and decide this case;

    c. award plaintiff compensatory damages;

    d. award plaintiff punitive damages against the individual defendants;

    e. award plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12133, 29 U.S.C. § 804(a) and 42 U.S.C. §§ 1988; and

    f. award plaintiff such other relief deemed just and proper.

Dated:    December ___, 2007
            Chester, New York

                                        Respectfully submitted,

                                        HELEN G. ULLRICH (HU 6597)

                                              BERGSTEIN & ULLRICH
                                              15 Railroad Avenue
                                             Chester, New York 10918
                                                  (845) 469-1277
                                                 Counsel for plaintiff